FILED - USDC -NH
2023 AUG 15 PM2:25

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 23-cr- 69-TSM-01/02 |
| | ) |
| CENTERA BIOSCIENCE, d/b/a | ) |
| NOOTROPICS DEPOT, and | ) |
| PAUL EFTANG, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INFORMATION

The United States Attorney charges that:

At all times relevant to this Information:

### Background

1. The United States Food and Drug Administration ("FDA") was an agency of the United States government responsible for protecting the health and safety of the American public by, among other things, ensuring that drugs intended for use by humans bore true and accurate information and were safe and effective for their intended uses.

2. Under the Federal Food, Drug, and Cosmetic Act ("FDCA"), a "drug" was defined as "articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man" and "articles (other than food) intended to affect the structure or any function of the body of man." 21 U.S.C. § 321(g)(1)(B) and (C).

3. Under the FDCA, prescription drugs included those drugs that, because of their toxicity and other potential harmful effects, or method of use, or the collateral measures

necessary to their use, were not safe for use except under the supervision of a practitioner licensed by law to administer such drugs. 21 U.S.C. § 353(b)(l)(A).

4. A drug was misbranded if its labeling did not bear adequate directions for use. 21 U.S.C. § 352(f)(1). "Adequate directions for use" meant directions under which a layman could use a drug safely and for the purposes for which it was intended. 21 C.F.R. § 201.5. A drug was misbranded under this provision if it failed to include, among other things, instructions concerning the quantity and frequency of dosage for each intended use. *Id.*

5. Under the FDCA, the act of dispensing a prescription drug without a prescription from a practitioner licensed by law to administer such a drug was an act that resulted in the drug being misbranded while held for sale. 21 U.S.C. § 353(b)(1).

6. The FDCA prohibited the introduction or delivery for introduction, or causing the introduction or delivery for introduction, into interstate commerce of any drug that was misbranded. 21 U.S.C. § 331(a).

### Factual Allegations

7. Centera Bioscience is a company based in Arizona. Paul Eftang is the President and Chief Executive Officer of Centera Bioscience.

8. The FDA has not approved tianeptine, adrafinil, phenibut, and racetam drugs for use in the United States. Racetam drugs include, but are not limited to, piracetam, aniracetam, coluracetam, and phenylpiracetam.

9. Between in or about April 2017 and in or about December 2021, the defendants Centera Bioscience and Paul Eftang marketed and sold tianeptine, adrafinil, phenibut, and racetam drugs to addresses throughout the United States, including in New Hampshire.

10. Tianeptine, adrafinil, phenibut, and racetam drugs are prescription drugs because of their toxicity and potential for harmful effect.

11. The tianeptine, adrafinil, phenibut, and racetam drugs shipped by the defendants Centera Bioscience and Paul Eftang to persons located throughout the United States were intended to affect the structure or function of the human body, were not approved by the FDA and were dispensed without a prescription.

12. The labeling of the tianeptine, adrafinil, phenibut, and racetam drugs shipped by the defendants Centera Bioscience and Paul Eftang did not bear any directions for use.

## COUNT ONE
### [Introduction of Misbranded Drugs into Interstate Commerce]
### [21 U.S.C. § 331(a)]

13. Paragraphs 1 through 12 of this Information are re-alleged.

14. Beginning in or about April 2017, and continuing until in or about December 2021, the exact dates being unknown to the United States, in the District of New Hampshire and elsewhere, the defendants,

CENTERA BIOSCIENCE and PAUL EFTANG,

did introduce and deliver for introduction, and cause the introduction and delivery for introduction, into interstate commerce, the drugs tianeptine, adrafinil, phenibut, and racetam drugs, which were misbranded within the meaning of Title 21, United States Code, Section 353(b)(1), in that they were dispensed without the prescription of a practitioner licensed by law to administer such drug, and Title 21, United States Code, Section 352(f)(1), in that their labeling lacked adequate directions for use.

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

## NOTICE OF FORFEITURE

15. The allegations contained in Count One of this information are hereby related and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 334 and 28 U.S.C. § 2461(c).

16. Upon conviction for the violation alleged in Count One of this information, the defendants shall forfeit to the United States of America any drug that was misbranded when introduced into interstate commerce, pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c).

17. If any of the property described above, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, including in the form of a money judgment, under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Dated: August 15, 2023

JANE E. YOUNG
UNITED STATES ATTORNEY

By: /s/ Alexander S. Chen
    Alexander S. Chen
    Assistant U.S. Attorney